MEMORANDUM **
Clifford Epperson, Sr., a former Nevada state prisoner, appeals pro se from the district court’s judgment dismissing under 28 U.S.C. § 1915A his 42 U.S.C. § 1983 action alleging violations of his constitutional rights. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir.2000). We affirm.
The district court properly dismissed Epperson’s access to courts claim because Epperson failed to allege an actual injury. See Lewis v. Casey, 518 U.S. 343, 351-53, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996) (explaining that there is no “abstract, freestanding right to a law library or legal assistance,” and that, to establish an actual injury, a prisoner must demonstrate that his efforts to pursue a nonfrivolous legal claim were hindered).
The district court did not abuse its discretion by denying Epperson’s request for appointment of counsel because Epperson did not demonstrate exceptional circumstances. See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir.1991).
We do not consider the factual allegations stated for the first time in Epperson’s appellate briefs. See United States v. Elias, 921 F.2d 870, 874 (9th Cir.1990) (“[Fjacts not presented to the district court are not part of the record on appeal.”).
Epperson’s remaining contentions are unpersuasive.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.